IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donna Redding, ) | C/A No. 0:15-2149-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Leath Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Donna Redding, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the respondent's motion. (ECF No. 12.) Redding filed a response in opposition (ECF No. 25), and the respondent replied (ECF No. 30). Having carefully considered the parties' submissions and the record in this case, the court finds that Redding's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Redding was indicted in August 2009 in Greenville County for murder and possession of a weapon during the commission of a violent crime (08-GS-23-7042). (App. at 166-67, ECF No. 11-2 at 68-69.) Redding was represented by Scott Robinson, Esquire, and on October 15, 2009, pled

guilty to the lesser charge of voluntary manslaughter.[1]  (App. at 1-17, ECF No. 11-1 at 3-19.)  The circuit court sentenced Redding to eighteen years' imprisonment.  (App. at 16, ECF No. 11-1 at 18.)  Redding did not appeal her conviction or sentence.

Redding filed a *pro se* application for post-conviction relief ("PCR") on February 19, 2010. (Redding v. State of South Carolina, 10-CP-23-136, App. at 18-23, ECF No. 11-1 at 20-25.)  On March 2, 2012, the PCR court held an evidentiary hearing at which Redding appeared and testified and was represented by Richard H. Warder, Esquire.  By order filed June 13, 2012, the PCR court denied and dismissed Redding's PCR application with prejudice.  (App. at 159-65, ECF No. 11-2 at 61-67.)

Redding, represented by Appellate Defender Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for a writ of certiorari on February 19, 2013.  (ECF No. 11-4.)  On July 8, 2014, the South Carolina Court of Appeals issued an Order denying Redding's petition for a writ of certiorari.  (ECF No. 11-6.)  The remittitur was issued July 24, 2014.  (ECF No. 11-7.)  The remittitur was filed with Greenville County Clerk of Court on August 5, 2014.  (ECF No. 11-8.)

Redding filed the instant Petition for a writ of habeas corpus on May 19, 2015.[2]  (ECF No. 1.)

---

[1] The charge for possession of a weapon during the commission of a violent crime was *nol prossed*.

[2] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison.  Therefore, this date reflects the date that the envelope was postmarked.  See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). Even considering the date that Redding signed her Petition (May 18, 2015), however, would not render Redding's Petition timely filed within the applicable statute of limitations.



# DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g.,



Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Statute of Limitations**

The respondent argues that Redding's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Redding's conviction became final ten days after October 15, 2009, the date of her plea and sentencing, as this was the last date on which she could serve a notice of appeal to the South Carolina appellate courts. See Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction . . . , a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Thus, her conviction became final on October 26, 2009.[3] Accordingly, the limitations period began to run on October 27, 2009, and expired October 26, 2010, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the

---

[3] October 25, 2009 was a Sunday; therefore, Redding had until the following Monday, October 26, 2009 to file her direct appeal. See Rule 263(a), SCACR.



limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Redding filed her state PCR application on February 19, 2010. At that point, 115 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations remained tolled during the pendency of the PCR action until July 24, 2014, when the South Carolina Court of Appeals issued the remittitur from its order denying Redding's petition for a writ of certiorari.[4] At this time, Redding had 250 days of statutory time remaining, which means that Redding had until March 30, 2015 to file a timely federal habeas corpus petition.

Redding's federal Petition was filed on May 19, 2015—over a month after the expiration of the statute of limitations.[5]

**C.     Redding's Response**

In response to the respondent's argument that her federal Petition was untimely filed, Redding argues that the one-year statute of limitations is inapplicable for a "miscarriage of justice, plain error, or ineffective assistance of counsel." (Petr.'s Resp. Opp'n Summ. J., ECF No. 25 at 1.) Specifically, Redding appears to argue that, but for her counsel's ineffectiveness, she would not have pled guilty.

---

[4] The respondent included a calculation of Redding's PCR action tolling the statutory deadline until the denial of certiorari on July 8, 2014, as well as a calculation tolling the statutory deadline until the remittitur was filed in the Greenville County Clerk's office on August 5, 2014. (See Respt.'s Mem. Supp. Summ. J., ECF No. 11 at 10-11). The court has used the date that the remittitur was issued. See Gonzalez, 132 S. Ct. at 654 n.10 (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); see also Rule 221(b), SCACR. However, out of an abundance of caution, even considering the latest of the above-discussed dates, Redding's Petition was untimely, as it was filed over a month after the expiration of the statute of limitations.

[5] See supra note 2.



### a.    Equitable Tolling

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Redding must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." Rouse, 339 F.3d at 246.

Redding has not established grounds for equitable tolling. The court observes that attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for equitable tolling. See Holland, 560 U.S. at 651-52. However, the allegations in this case do not warrant equitable tolling. Although Redding appears to argue that her plea counsel's ineffectiveness in not testing the shotgun caused her to plead guilty when her shooting of the victim was accidental, Redding does not explain how this affected Redding's ability to timely file her federal habeas



petition. Accordingly, Redding's conclusory allegations are insufficient to rise to the "extraordinary" instance described in Holland. Id. at 649-52.

Additionally, Redding has failed to provide sufficient information to demonstrate that she has been pursuing her rights diligently to timely file a federal habeas petition. See Holland, 560 U.S. at 649; Pace, 544 U.S. at 418-19 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Moreover, to the extent that Redding's arguments could be construed to allege that she is entitled to equitable tolling due to lack of knowledge of the law, they are unavailing. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted).

      **b.    Actual Innocence**

To the extent Redding asserts that the federal statute of limitations should be tolled due to a "miscarriage of justice" that has occurred because she is actually innocent, such an argument fails. While the United States Supreme Court has held that "actual innocence, if proved, may serve as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," the Court cautioned that "tenable actual-innocence gateway pleas are rare." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To present a credible claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless [s]he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [her] guilty beyond a reasonable doubt." Id. at 329; see House v. Bell, 547 U.S. 518, 538 (2006) (reiterating that the Schlup standard "is demanding and permits review only in the extraordinary case") (internal quotations omitted). The McQuiggin Court also noted that " 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence," and "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." McQuiggin, 133 S. Ct. at 1928, 1935 (quoting Schlup, 513 U.S. at 332) (alterations in original). Moreover, to demonstrate actual innocence subsequent to a guilty plea, a petitioner must show "actual innocence of the charge to which [she] pleaded guilty and actual innocence of any other charge dropped by the government as part of the plea bargain." United States v. Green, No. 7:99-cr-00032, 2009 WL 2840491, at *2 (W.D. Va. Aug. 31, 2009) (citing Bousley v. United States, 523 U.S. 614, 624 (1998)).

In her response, Redding alleges that evidence presented during her PCR hearing demonstrated that the shotgun at issue would fire *only* spontaneously.[6] (See Petr.'s Resp. Opp'n Summ. J., ECF No. 25 at 1.) She appears to argue that her plea to an intentional shooting was therefore irrational and involuntary. (Id. at 3.) She states that "[a]ccidental discharge of a shotgun is not murder" and that her plea resulted in a miscarriage of justice.[7] (Id. at 1-2.)

Redding's "evidence" fails to satisfy the Schlup standard, as her unsupported allegations are insufficient to meet the requite showing that it is more likely than not that no reasonable juror would have convicted her in the light of the new evidence. Schlup, 513 U.S. at 327. Review of the PCR hearing transcript reveals that counsel for Redding presented a retained witness, Robert Louis Wheaton, Jr., whom the PCR court qualified as an expert in firearms. (App. at 57-60, ECF No. 11-1 at 59-62.) Wheaton testified that examining the shotgun at issue showed that there were a number of accidental ways in which it could discharge due to various defects in the shotgun. (App. at 61-67,

---

[6] This evidence would not qualify as "newly discovered" sufficient to delay the commencement of the limitations period pursuant to § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The relevant date in examining § 2244(d)(1)(D) is the date that Redding could have discovered through the exercise of reasonable diligence the claims presented in her Petition. Any ballistic evidence related to the shotgun at issue or any witnesses presented at the PCR hearing that had allegedly witnessed the shotgun misfire were clearly available for discovery by exercise of due diligence at the time of the plea. (See App. at 45-49, 51-53,85, ECF No. 11-1 at 47-51, 53-55, 85.) Accordingly, Redding has failed to demonstrate that the factual predicates to the claims actually presented in her Petition could not have been discovered through the exercise of due diligence until the March 2, 2012 PCR hearing.

[7] To the extent that Redding asserts that "plain error" exists, relying on Rule 52(b) of the Federal Rules of Criminal Procedure, the court notes that this argument is inapplicable in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as a federal court's review is bound to the stricter standard of "cause and actual prejudice." See Wilson v. Murray, 806 F.2d 1232, n.2 (4th Cir. 1986) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)).



ECF No. 11-1 at 63-69.) Importantly, however, Wheaton also testified that the shotgun could be fired normally, and that the gun's trigger required a standard pull weight. (App. at 67, ECF No. 11-1 at 69.) A firearms report conducted by the County of Greenville and provided to Redding in discovery prior to her guilty plea was presented as an exhibit at the hearing. (App. at 90, ECF No. 11-1 at 92.) Redding's plea counsel, Scott Robinson, Esquire, testified that Redding had claimed that the shotgun had a hair trigger, but that the county's report stated that the shotgun had a trigger pull weight of seven pounds. (App. at 73-74, ECF No. 11-1 at 75-76.)

In summary, the evidence upon which Redding relies—that the shotgun at issue would fire *only* spontaneously—is a factual misinterpretation of the testimony presented at the PCR hearing by Redding's own expert witness. Accordingly, her reliance upon this evidence belies her current claim of innocence, as she has failed to prove that no juror, acting reasonably, would have found her guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329.

## RECOMMENDATION

Based upon the foregoing, the court finds that Redding's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 10) be granted and Redding's Petition dismissed as untimely.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 26, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).